PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALE E. NOTESTINE, | ) | |
| | ) | CASE NO. 3:11cv1598 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KEITH SMITH, WARDEN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF No. 8] |

On June 8, 2012 Magistrate Judge Greg White issued a Report and Recommendation that Petitioner's petition should be denied. ECF No. 7. Petitioner timely filed an Objection to the Report and Recommendation. ECF No. 8.

### I. Legal Standard

When an Objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id*. The district judge may: accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id*.

Accordingly, the Court has conducted a *de novo* review of the Magistrate Judge's Report and has considered Petitioner's arguments raised in his Objection. The Court agrees with the recommendation of the Magistrate Judge that Petitioner's petition be denied.

(3:11cv1598)

## II. Background

Petitioner was convicted by the trial court of four counts of rape, seven counts of unlawful sexual conduct with a minor, twelve counts of corrupting another with drugs, one count of disseminating matter harmful to juveniles, three counts of drug possession, and one count of possessing drug paraphernalia.  ECF No. 7 at 7.  He was sentenced to an aggregate prison term of ninety-six years.  ECF No. 7 at 7.  He appealed to the appellate court and his conviction was affirmed.  ECF No. 7 at 8.

Petitioner filed a motion for leave to file a delayed appeal to the Ohio Supreme Court, which was granted then subsequently dismissed.  ECF No. 7 at 8-9.[1]  Petitioner filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: The trial court committed prejudicial error in prohibiting Appellant front [sic] eliciting any information regarding the victim's juvenile court history or record of specific instances of conduct, in violation of the Confrontation Clause.
>
> Supporting Facts:  Notestine was indicted in 2007 in a multi-count indictment alleging several sex and drug offenses involving an allegation that he had provided a juvenile with drugs as a means of encouraging sexual favors from her. The juvenile had made these allegations after being twice caught with positive drug tests while on probation.  The indictment, however, was a vague collection of representative counts, not tied to any specific act but rather tied generally to a generalized number of suspected bad acts.  This left the defense incapable of actually defending the case intelligently.  A bench trial eventually was conducted, with the sole important witness against Notestine being the child.  However, the trial court shut the defense down as to any useful cross-examination and confrontation of the child.  The prosecution, who had successfully blocked the defense from any meaningful attack on the credibility of the child, which was the

---

[1]  Petitioner then filed motions for a delayed reopening of his appeal and to correct a void sentencing entry, both of which were denied.  A second motion to correct the status of a void sentencing entry was filed with the trial court, and has yet to be ruled upon.  ECF No. 7 at 10.

(3:11cv1598)

> sole issue at trial, then was allowed to bolster the credibility of that same child with the very types of evidence that the court had barred the defense from using. When that occurred, defense counsel should have noted the injustice of this uneven treatment and should have noticed that this prosecution tactic opened the door for the defense to actually rebut the State case with the real story about this child. However, defense counsel did almost nothing reasonable in this situation, instead largely just sitting back and watching as the prosecution and the trial judge violated any semblance of due process for Mr. Notestine.
>
> GROUND TWO: Mr. Notestine was denied his federal right to effective assistance of trial and appellate counsel.
>
> Supporting Facts: (see above) Also, appellate counsel failed Mr. Notestine for not raising this issue of effective assistance on direct appeal, as a result of which Mr. Notestine was denied effective assistance of appellate counsel.

ECF No. 1 at 6, 8. The Magistrate Judge recommended Petitioner's petition be denied as to both grounds.

### III. Analysis

**A. Ground One — Confrontation Clause**

Petitioner objects to the Report and Recommendation finding the Confrontation Clause was not violated and, even if a violation did exist, it resulted in harmless error. ECF No. 8 at 3-4. Petitioner argues that to the extent the trial judge, who is also the trier of fact, found the precluded evidence legally irrelevant, the trial judge should have allowed the evidence in because "the prosecution must also pass the hurdle of the Court of Appeals, sitting as the 'thirteenth juror,' or the 'second judge' as to a bench trial, as to a weight-of-the-evidence challenge. Thus, barring confrontation has real impacts." ECF No. 8 at 3.

(3:11cv1598)

Petitioner does not point to any case law or federal rule that adds another layer of analysis to address the "second judge" of a bench trial. Petitioner also objects to the finding of harmless error based upon his theory of "second judge" but fails to present details as to how this would change the extremely thorough analysis conducted by the Magistrate Judge. The Court adopts the Magistrate Judge's recommendation as to Ground One.

**B. Ground Two— Ineffective Assistance of Counsel**

Petitioner objects to the Report and Recommendation finding there was sufficient evidence to support Petitioner's convictions for rape and unlawful sexual conduct, thereby negating his ineffective assistance of counsel claim for failing to raise the sufficiency issue on appeal.[2] ECF No. 8 at 4. Petitioner points out he was convicted of four counts of rape and seven counts of unlawful sexual conduct, but that the trial court did not specify how it arrived at those numbers given the testimony of the victim.[3] ECF No. 8 at 4. For this reason, Petitioner argues that had appellate counsel raised the issue of sufficiency of the evidence, he would have prevailed.[4] ECF No. 8 at 5.

The Magistrate Judge likewise noted that it "cannot determine why the trial court chose to

---

[2] On appeal, Petitioner's counsel argued the verdict was against the manifest weight of the evidence. ECF No. 7 at 8. Petitioner now asserts appellate counsel should have argued sufficiency of the evidence instead. ECF No. 8 at 4.

[3] The victim did not or could not specify exactly how many times these acts occurred, instead, for example, stating she performed oral sex on Petitioner "countless of times." ECF No. 7 at 28.

[4] In support of this argument, Petitioner in part appears to argue the appellate system did not reasonably apply federal precedent. ECF No. 8 at 5-6. This argument is incoherent.

(3:11cv1598)

find Notestine guilty of eleven counts." ECF No. 8 at 4. The Magistrate Judge then conducted an independent review of the trial transcript and found the victim's testimony alone was sufficient to uphold a conviction, and, "[w]hile no precise number is given, the evidence supports *at least* eleven separate instances of sexual conduct." (Emphasis in original) ECF No. 7 at 28. Accordingly, the Magistrate Judge, after applying applicable legal standards, found sufficient evidence to support eleven counts. ECF No. 7 at 26, 29.

Petitioner finds fault with the Magistrate Judge's independent review of the trial transcript. ECF No.8 at 7. Petitioner argues the "trick in conducting this review" is to find sufficient evidence of eleven acts of sexual conduct or rape, and that the Magistrate Judge confused "sexual conduct" with "sexual contact" in tallying the number of potential instances of rape or sexual conduct. ECF No. 8 at 7.

There is nothing in the Report and Recommendation that indicates the Magistrate Judge confused these two legally separate acts. The portions of trial transcript replicated in the Report do contain language amounting to sexual contact, rather than sexual conduct, but the Magistrate Judge did not include these acts in his consideration of sexual conduct. Instead, the Magistrate Judge was very specific about what constituted sexual conduct and the number of times and days the victim indicated these acts occurred. ECF No. 7 at 28-9. The Magistrate Judge applied the correct law and standards. ECF No. 7 at 26. Aside from a generalized belief that the Report and Recommendation is somehow faulty, Petitioner cannot point to specific instances of inaccuracies or other defects. The Court is unable to locate any on its own. Petitioner's petition as to Ground Two is denied.

(3:11cv1598)

## IV. Conclusion

For the reasons stated above, the Court adopts Magistrate Judge White's Report and Recommendation. ECF No. 7. Petitioner's petition is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

  October 15, 2012                                    */s/ Benita Y. Pearson*
Date                                                   Benita Y. Pearson
                                                        United States District Judge

(3:11cv1598)