PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALE E. NOTESTINE, | ) | |
| | ) | CASE NO. 3:11cv1598 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KEITH SMITH, WARDEN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF No. 11] |

On November 11, 2012, *Pro se* Petitioner filed a Motion for Reconsideration (ECF No. 11) of the Court's Memorandum of Opinion and Order (ECF No. 9) adopting the Magistrate Judge's Report and Recommendation (ECF No. 7). In the alternative, Petitioner requests the Court grant a certificate of appealability. ECF No. 11 at 12. For the reasons stated below, the Court denies Petitioner's Motion for Reconsideration and denies a certificate of appealability.

I.

The authority to reconsider denial of a motion to dismiss before final judgment has been entered is well established. *E.g.*, Fed.R.Civ.Pro. 54(b); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("[a] court has the power to revisit prior decisions of its own ... in any circumstance."). While a motion for reconsideration should not be used to re-litigate issues previously considered, courts traditionally will find justification for reconsidering interlocutory orders when there is: 1) an intervening change of controlling law; 2) new evidence; or 3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tennessee*

(3:11cv1598)

*Laborers Health & Welfare Fund*, 89 Fed. App'x. 949, 959 (6th Cir. 2004) (unpublished disposition) (citing *Reich v. Hall Holding Company*, 990 F.Supp. 955, 965 (N.D.Ohio 1998)).

II.

Petitioner argues that the Court should grant reconsideration primarily because the attorney litigating Petitioner's habeas petition because did not cite to *Davis v. Alaska*, 415 U.S. 308 (1974), or, stated differently, Petitioner, an admitted "total novice in the matters of law," claims that his habeas counsel "neglected to include the case law[] that is mandatory to win a case." ECF No. 11 at 9.

In *Davis*, the Supreme Court found that the petitioner should have been allowed to introduce evidence of a witness' probation, the result of a juvenile court adjudication, for the purpose of suggesting that the witness was biased. *Id*. at 319. Petitioner in the instant case argues that based upon *Davis*, he should have been allowed to introduce evidence of the testifying victim's juvenile record to impeach her credibility. ECF No. 11 at 3. Plaintiff's reliance upon *Davis* is misguided. The record in the instant case shows that the juvenile victim testified that she was on probation and also that she previously had tested positive for drugs during a random drug test. ECF No. 7 at 3. Thus, Petitioner was able to show the victim may have been biased due to her probationary status. Furthermore, the victim admitted she had lied in the past to get out of trouble, and Petitioner called numerous witnesses that testified that they knew the victim well and that the victim lied often. ECF No. 7 at 3, 5-6. Thus, Petitioner was able to impeach the credibility of the victim witness.

(3:11cv1598)

The Court also notes that, in considering Petitioner's appeal, the state appellate court wrote:

> As to appellant's remaining argument, the United States Supreme Court has held that that [sic] "the right to cross-examine an adverse witness for bias outweighed the state's policy interest in protecting the confidentiality of a juvenile offender." *Covington*, *supra*, citing *Davis v. Alaska* (1975), 415 U.S. 308, 319, 94 S. Ct. 1105, 39 L. Ed. 2d 347. However, as set forth above, the record contains direct testimony that the victim is capable of lying and manipulating others to get herself out of trouble. In fact, the victim herself testified that she sometimes lies to her father to avoid punishment for smoking cigarettes, and stated that she has taken cigarettes from her step-grandfather's business. Accordingly, appellant was not deprived of an opportunity to show that the victim has been manipulative in the past, or that she may have had a motive to accuse appellant of wrongdoing in order to avoid punishment after testing positive for drugs.

*State v. Notestine*, 2009 WL 1875220, at *7 (Ohio Ct. App., June 30, 2009). The Court further points out that the Magistrate Judge thoroughly discussed *Davis* as well as *Vasquez v. Jones*, 496 F.3d 564 (6th Cir. 2007), the other case Petitioner cites in his recent motion. ECF No. 7 at 18-20. Thus, it cannot be said that Petitioner's counsel was ineffective due to the fact that he did not cite to the aforementioned case law, as the aforementioned case law has been thoroughly dissected and applied to Petitioner's case by the reviewing courts.

While Petitioner asserts that he has been plagued by ineffective assistance of counsel, he raises no additional issues of law or fact other than an assertion of a violation of Petitioner's "post-arrest silence" (ECF No. 11 at 11), which he does not elaborate upon and, in any event, is untimely.

III.

For the aforementioned reasons, the Court denies Petitioner's Motion for Reconsideration. ECF No. 11. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

3

(3:11cv1598)

appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
|  November 19, 2012 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |